FILED
2014 Feb-21  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| DENVER NEIL GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:14-cv-0052-AKK-JEO |
| | ) | |
| WARDEN DEWAYNE ESTES and the | ) | |
| ATTORNEY GENERAL OF THE STATE OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Denver Neil Green, an Alabama state prisoner acting *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On January 14, 2014, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b) recommending the summary denial of the petition for failure to state a cognizable claim for habeas relief. (Doc. 4). Green has now filed a timely objection to the report and recommendation. (Doc. 5).

As discussed in the magistrate judge's report and recommendation, Green makes two claims in support of his petition for a writ of habeas corpus. First, he claims the state denied him access to the courts. More specifically, Green alleges that the clerk of the state trial court in which he was convicted has advised him that the court will not accept any further applications for post-conviction relief under Ala. R. Crim. P. 32 until he pays some $1,200 in fees allegedly owed for four prior Rule 32 petitions. Green claims that he filed only one prior Rule 32 petition, and that the amount the clerk claims he owes is erroneous. Green also states that he is indigent, making it practically impossible for him to pay any substantial amount. Second, Green says that the state court has notified him that it has destroyed the transcript of his guilty plea colloquy and other documents from his criminal case that he

does not otherwise specifically identify, thereby hindering him from formulating claims that he
desires to present "on appeal."  (Doc. 1 at 5).

The magistrate judge concluded that neither of Green's claims is a valid ground for federal
habeas relief under § 2254.  The court agrees.  Contrary to Green's suggestion, none of the allegations
in his habeas petition relates to any right "to appeal" his criminal conviction.  Rather, Green raises
claims that relate solely to his ability to file further applications for post-conviction relief pursuant to
Rule 32 of the Alabama Rules of Criminal Procedure. Rule 32 proceedings are not themselves an
appeal of a criminal conviction or a substitute for such an appeal; nor does Rule 32 "afford one an
additional, *de facto*, appeal." *Ex parte Williams*, 651 So. 2d 569, 572 (Ala. 1992)[1].  Instead, Rule 32
authorizes an Alabama prisoner to a mount a collateral attack upon a conviction that has already
become final after a direct appeal is denied or the time to perfect a direct appeal has expired.  Indeed,
if prisoner could have raised a claim on direct appeal, it generally may not be raised in a Rule 32
proceeding. *See* ALA. R. CRIM. P. 32.2(a)(5); *Stallworth v. State*, ___ So. 3d ___, ___, 2013 WL
5966914, *6 (Ala. Crim. App. Nov. 8, 2013).  Green's conviction has plainly become final because he
did not pursue a direct appeal and he is now time-barred from doing so.  Therefore, even if the court
assumed for the sake of argument that the Alabama courts have, in fact, violated the federal
Constitution by hindering or preventing Green from filing another Rule 32 petition, Green's remedy
would not be in federal habeas corpus. That is because such violations relating to the availability of
post-conviction review would not impugn the validity of the criminal proceedings that actually

---

[1] While *Ex parte Williams* technically involved Temporary Rule 20 of the Alabama Rules of Criminal Procedure, *see*
651 So. 2d at 572, that temporary rule is the predecessor to current Rule 32.  *See Ex parte Rice*, 565 So.2d 606, 606 n.
1 (Ala. 1990).

resulted in his guilty-plea conviction.  *See Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009).

As the magistrate judge also noted, Green has no general federal constitutional right to a copy of the record of his criminal case for the purpose of preparing an application for post-conviction relief.  *See United States v. MacCollom*, 426 U.S. 317, 323-24 (1976); *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992); *Webb v. Hall*, 2012 WL 1567207, *1-2 (N.D. Ala. March 22, 2012) (Ott, M.J.), adopted, 2012 WL 1567200 (N.D. Ala. April 30, 2012) (Kallon, J.).  In his objections, Green now asserts that the failure to provide him with that record also violates Alabama statutory law. Even so, unfortunately for Green, federal habeas relief does not lie for violations of state law unless the violation also amounts to a violation of the Constitution.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Further, any such claim would still relate only to the availability of post-conviction relief, not the validity of Green's underlying conviction.

The only colorable question at this point is whether the court should on its own motion treat Green's *pro se* § 2254 habeas application as instead raising claims pursuant to 42 U.S.C. § 1983.  The magistrate judge's report and recommendation does not directly address the question.  While Green's claims do not entitle him to habeas relief under § 2254, he could at least conceivably obtain some form of legal or equitable relief under § 1983, which creates a remedy for violations of federal rights committed by persons acting under color of state law.  Nonetheless, the court declines to treat Green's habeas pleading as a "regular" civil complaint seeking relief under § 1983, for the reasons explained below.

First, it is generally improper for a court to recharacterize a prisoner's habeas petition as a § 1983 complaint without the prisoner's consent because of certain differences between the two types

of actions.  *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d

382, 388 (7th Cir. 2005).  Second, conversion to a § 1983 action would necessarily alter both the

amount of, and Green's liability for, the filing fee.  If this action is treated as one for a writ of habeas

corpus, the filing fee is only $5.00.  28 U.S.C. § 1914(a).  Further, as it did so in this case, the court

has the discretion to waive this nominal fee for indigency.  *See* 28 U.S.C. § 1915(a)(1).  But if the

court were to convert this action to a § 1983 prisoner case, the filing amount effectively jumps to

$400.00, *see* 28 U.S.C. § 1914(a); Deficit Reduction Act of 2005, Pub. L.  No. 109-171, and the

court's authority to waive prepayment of the filing fee is circumscribed by 28 U.S.C. §§ 1915(a)(2),

(b)(1).  *See Wilson v. Sargent*, 313 F.3d 1315, 1318-19 (11th Cir. 2002).  Moreover, even where a

prepayment waiver is granted in a § 1983 case, the prisoner remains liable for the full amount of the

filing fee, subject to collection through monthly withdrawals from future deposits to his facility trust

account.  *See* 28 U.S.C. § 1915(b)(2); *Wilson*, 313 F.3d at 1318-19; *Hubbard v. Haley*, 262 F.3d

1194, 1195-96 (11th Cir. 2001).  Third, the court treats the claims as § 1983 claims and later

dismissed them as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be

granted," the dismissal would count as a "strike" that could potentially restrict Green's ability to bring

§ 1983 actions in the future.  *See* 28 U.S.C. § 1915(g); *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir.

1998) (upholding § 1915(g) as against challenges that it violates First Amendment access to courts,

due process, and equal protection), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

Finally, even setting aside the prisoner's consent, a § 2254 habeas action generally is not

amenable to conversion to a § 1983 suit where the respondents named in the habeas petition are not

proper defendants under § 1983.  *See Glaus*, 408 F.3d at 388-89.  The proper respondent in a habeas

action challenging present physical confinement is the warden or a similar official who has authority

4

over the facility in which the petitioner is detained.  *See* 28 U.S.C. §§ 2242, 2243; Rule 2(a), Rules Governing § 2254 Habeas Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  By contrast, the proper defendants in a § 1983 action are generally those persons or entities who actually caused, or who would be directly responsible for remedying, a constitutional violation.  *See Glaus*, 408 F.3d at 388-89; *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997); *cf. Prather v. Norman*, 901 F.2d 915, 918 n. 4 (11th Cir. 1990) ("[T]he individuals from whom the inmate is seeking damages [under § 1983] may not be the proper defendants in a habeas action, and the allegations being raised by the inmate may not be cognizable in federal habeas corpus."  (citations omitted)).  That difference is significant here because, having pled his case as a habeas action, the only parties that Green has named as would-be respondents or defendants are the warden of his prison and the Alabama Attorney General.  (Doc. 1 at 1).  Green's petition, however, fails to allege that either of those individuals personally played any role whatsoever in the alleged violation of his constitutional rights, whether in relation to the rejection of his state court filings, the failure to provide him with documents from his criminal case, or otherwise.  Because Green's petition does not name the correct defendants, it is not appropriate to convert it to a civil rights action, *see Glaus*, 408 F.3d at 388-89; *Akinruntan v. Holder*, 2013 WL 5999982, *7 n. 7 (N.D. Ala. Sept. 30, 2013), *R&R adopted*, 2013 WL 5999765 (N.D. Ala. Nov. 12, 2013), especially where, as here, Green is not precluded from refiling his claims in a new § 1983 action against the proper defendants.  *See Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Cohen v. Lappin*, 402 Fed. App'x 674, 676 (3d Cir. 2010); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

        In sum, upon a *de novo* review of the entire file, including the magistrate judge's Report and Recommendation and Green's objections thereto, the court has reached an independent conclusion

that the Report and Recommendation is due to be **ADOPTED** and **APPROVED** to the extent that it calls for Green's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to be **DENIED**. The Report and Recommendation is **REJECTED** to the extent that it would call for the dismissal of Green's claims *with prejudice*, so as to preclude him from attempting to pursue those claims in a separate action brought pursuant to 42 U.S.C. § 1983. Rather, the court concludes that the claims are due to be **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered.

      **DONE** this the 21st day of February, 2014.

_____
    **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

6